RAY, J.,
concurring.
I agree with the decision of this Court that section 119.07(l)(e), Florida Statutes (2014), does not provide a clearly established legal right to a redaction-by-redaction identification of statutory exemptions applicable to a public record. I write only to address Appellees’ argument that this interpretation leads to an absurd or unreasonable result where, as was the case here, the agency produced voluminous documents, with hundreds of redactions, and only provided Appellees with a cover form indicating the agency’s position that the documents, as a whole, contained informa *1147 tion that was subject to one or more of five statutory exemptions. Given that the undisputed purpose of the Public Records Act is to promote government transparency, Appellees’ concern is significant. However, this Court’s opinion should not foreclose a future challenge to an agency’s method of identifying the basis of claimed exemptions in a public records response if it essentially renders the mandates of Florida’s Public Records Act meaningless. An agency is required to provide a, record-by-record identification of claimed exemptions, and, upon request, must state in writing and with particularity the reasons for its conclusion that a record is exempt. §§ 119.07(l)(e) & (f), Fla. Stat. Whether, and to what extent, DOC complied with these requirements in this case and, therefore, fulfilled the purpose of the Public Records Act are not issues currently before us.